*Edward K. Glezen*, for plaintiff.
*B. N. & S. S. Lapham*, for defendant.

# KENT COUNTY.

## HORATIO BENNETT *et ux. vs.* WILLIAM A. LOVELL.

The kind and amount of care which the law imposes on one who transports articles over a highway is to be determined by the character of the article transported, and its liability, by frightening horses or otherwise, to endanger the lives or the property of travellers.

One transporting unusual machinery should employ a sufficient number of men to warn travellers of their danger, and, if necessary, to assist them in passing it.

DEFENDANT'S petition for a new trial.

*Providence, July* 13, 1878. POTTER, J. The plaintiff and wife were thrown from their wagon and injured in consequence of their horse taking fright from some tubing and machinery which had been left upon a public highway by the defendant, who was carrying the same for the use of the city water-works.

Two questions were to be decided by the jury: Were the plaintiffs in the exercise of due care? Did the plaintiffs know of the dangerous nature of the machinery, or that it was calculated to frighten horses, and had they a right to suppose, from their knowledge of the character and disposition of their horse, that they could pass in safety? Evidence was put in tending to show that the plaintiffs' horse was gentle and was walking at the

time.; that other teams had passed without accident, although several horses had been badly frightened ; and evidence was offered to show that the plaintiff could not have reached his destination by any other route without travelling an additional distance of some miles.

The other question was whether the defendant was negligent in his mode of transporting the machinery, or in leaving it upon the highway in the condition it was in.

It is not necessary to consider the act of the General Assembly under which the defendant claims he was proceeding.[1] That act might, indeed, protect the party from being indicted for a public nuisance, but could not protect him from the consequences of his negligent exercise of his rights as against other persons. It cannot be doubted that, independent of the act, the defendant had a right to transport his machinery over the highway ; and, as was stated by way of illustration, any person has a right to transport over the highway elephants and animals which may frighten horses. So, also, loads of goods, which, from their height or appearance, or the noise made in transport, might terrify some horses. This right is undoubted, but it is to be so exercised as not to endanger the lives or property of others who have equal rights upon the highway. As in other cases of the use of a dangerous article, the required degree of care increases with the danger to be apprehended from the use of it and from exposure to it.

It is claimed on the part of the defendant that, the facts being undisputed, the question of negligence is for the court. *Jackson* v. *Metropolitan Railway Company*, 26 W. R. 175 ; *Bridges* v. *North London Railway Company*, L. R. 7 H. L. 213. But we should be inclined to take the same view which the jury must have taken. The man who, claiming to be in the exercise of his own right to drive along the highway an object or animal which from its appearance, noise, or other offensiveness is calculated to frighten horses, without taking precautions by having a sufficient number of persons in charge of it to warn others of the danger, and, if need be, to aid them in passing it, for women and children have a right to drive on the highway as well as men, or

---

[1] Pub. Laws, cap. 640, § 2, March 8, 1866.

who leaves such an object on the highway without proper precautions, cannot be said to be using that due care he ought to use, and which the law and a proper regard for the lives of his fellow-men and the common duty of humanity require of him.

Some evidence was put in tending to show that if the machinery had been boxed up it would have been still more likely to frighten horses. If so, more care would have been required from the defendants to prevent danger to others.

The objections to evidence we cannot consider as material.

The case has twice been submitted to a jury, and we do not think the verdict ought to be disturbed. *Petition dismissed.*

*Elisha C. Clarke & Edmund S. Hopkins,* for plaintiffs.

*Nicholas Van Slyck,* for defendant.